**Ronald SINE and Larry Danner**

v.

**LOCAL 992 INTERNATIONAL BROTHERHOOD OF TEAMSTERS.**

Civ. No. Y–78–2315.

United States District Court, D. Maryland.

March 8, 1985.

Harry Goldman, Jr., Baltimore, Md., for plaintiffs.

Hugh J. Beins, and Jonathan G. Axelrod, Washington, D.C., and Patrick B. Shaw, Bethesda, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This case, or its predecessor, has been floating around and up and down to and from the Court of Appeals for more than a decade. Plaintiffs originally received a jury award of $25,000 in a suit brought against Local 992, International Brotherhood of Teamsters ("Union") and Mitchell Transport, Inc. ("Mitchell").

Plaintiffs, driver employees of Mitchell, an interstate motor carrier, alleged that Mitchell in violation of the collective bargaining agreement, denied them proper seniority positions for dispatch purposes. They also contended that the Union breached its duty of fair representation by not properly or adequately advancing their arguments against Mitchell. Following several appeals interspersed with several grievances, this case is now down to the bare bone, leaving only the Union as a

defendant with several narrow issues. Undaunted, plaintiffs seek to resuscitate their claims against Mitchell and seek partial summary judgment. Ever ready for a good fight, Union also seeks partial summary judgment.

With undaunted optimism, the Court again tackles these three motions, ever hopeful that there must be an end to litigation, even for the plaintiffs, Union and Mitchell.

## I. *Plaintiffs' Motion for Relief from Judgment*

Plaintiffs have moved pursuant to Rule 60(b)(5) and Rule 60(b)(6) to reinstate Mitchell as a defendant. Mitchell was dismissed on the basis that the statute of limitations had run, and the Fourth Circuit affirmed relying on *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732. Subsequently, however, the Supreme Court decided the case of *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), applying a longer statute of limitations. Because of this intervening change in the law, plaintiffs ask for relief from the judgment dismissing Mitchell.

▮▮▮ Rule 60(b)(5) does not apply to this situation. That rule provides for relief from judgment when a prior judgment upon which it is based has been reversed or otherwise vacated. It does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding. Moore, *Federal Practice* ¶ 60.26[3], p. 60–248. The rule has been held to be limited to those cases in which the present judgment is based on a prior judgment in the sense of *res judicata* or collateral estoppel. *Marshall v. Board of Education*, 575 F.2d 417, 424 (3d Cir. 1978). "Reliance on a judgment in an unrelated case ... does not make the original judgment vulnerable within the 'prior judgment' clause of subsection 5 [of Rule 60(b)]."

▮▮▮ Plaintiffs also argue that relief may be given under Rule 60(b)(6), which applies when there are other reasons justifying relief. Simply stated there are no such reasons. Moore, *supra*, notes, see ¶ 60.-27[1], p. 60–270, "that [a]fter a decision on appeal, a party may not ordinarily reopen a judgment under clause (6) to litigate a matter that either was or could have been litigated prior to or on the appeal." Plaintiffs here litigated this issue all the way to the Supreme Court, and even after the change in the law, presented it to the Fourth Circuit, which denied rehearing.

The plaintiffs' motion for relief from judgment must be denied.

## II. *Plaintiffs' Motion for Partial Summary Judgment*

▮▮▮ Plaintiffs, in seeking partial summary judgment on the issue of breach of contract, ask for findings and conclusions, and binding jury instructions, to the effect that Mitchell breached the applicable labor agreement underlying their grievance action. The motion is based on the judgment on a jury verdict that Mitchell had violated the terms of the Collective Bargaining Agreement with respect to seniority for layoff purposes. The open issues in this case, after years of litigation, concern only the company's breach of that agreement for dispatch purposes.

It is true that a jury found, and the Fourth Circuit affirmed, that Mitchell had violated the terms of its Collective Bargaining Agreement in laying off Sine and Danner, and that Sine and Danner had not waived that breach by signing a letter of agreement concerning their seniority. The Fourth Circuit found that "there is a firm basis for a finding by the jury that Sine and Danner were not adequately informed of their rights, and hence, under accepted principles of contract law, did not waive those rights." However, that first action concerned seniority for layoff purposes, while the present action is concerned with seniority for dispatch purposes. Plaintiffs contend that the Local should be collaterally estopped from litigating the question of

breach of contract by that prior judgment. However, as the Fourth Circuit noted in *Sine v. Local 992*, 730 F.2d 964 (4th Cir. 1984), the requisite identity of issues between this issue and the issue earlier decided is lacking and therefore collateral estoppel should not apply. As the court noted, "it would be possible for the company to breach the agreement .by applying improper seniority for layoff purposes without making the same mistake concerning dispatch," since company seniority applied for layoff purposes and terminal seniority governed dispatch. That reasoning applies here because it is still the same case that the Fourth Circuit dealt with, just a little later in time.

■ Plaintiffs also argue that Local 992 has conceded that the Collective Bargaining Agreement required the right to seniority for dispatch purposes by signing a Consent Decree in this Court on December 3, 1975. In that Decree, the Local agreed to observe company seniority for dispatch purposes. Mitchell was not a party to that Decree; thus, that Decree cannot establish that Mitchell breached its collective bargaining agreement with the plaintiffs.

■ Plaintiffs also assert that the breach of contract by Mitchell and the Local is "clear and undeniable," and refer to documents (the "famous Burkhardt Memorandum" construing Decision #839, and the Decision itself, which provided that the plaintiffs had the right to remain at Union Bridge and that those forced to transfer could exercise floating seniority) which supposedly make it clear that there was a breach of contract with respect to seniority for dispatch purposes. It may be redundant to suggest that nothing in this case is clear and undeniable. The question of seniority for dispatch purposes is still very much at issue in the documents that plaintiffs rely upon, which although indicating that the plaintiffs could stay at Union Bridge, do not finally resolve the seniority issue. The language in Decision #839 indicating the Company and the Union had worked out a compromise in violation of the earlier union decision does not resolve

anything, and the rest of the decision held unequivocally that the plaintiffs had waived any rights they may have had by signing the later agreement.

Plaintiffs have not presented any "clear and undeniable" evidence of a breach of contract by Mitchell with respect to seniority for dispatch purposes and the motion for partial summary judgment must be denied.

### III. *Defendants' Motion for Summary Judgment*

■ As noted above, plaintiffs now claim that Union breached its duty to represent them fairly in an arbitration proceeding to determine the validity of their grievances concerning seniority. Union now seeks summary judgment, alleging that the plaintiffs' claims are totally without merit.

A similar. motion was granted on another go-around, holding that the plaintiffs' claims were "totally groundless" and "totally discredited in plaintiffs' own words." The Fourth Circuit reversed, holding that the Court did not "undertake a critical review of the relevant facts so as to give support to [its] conclusory findings," *Sine v. Local 992 International Brotherhood of Teamsters*, 644 F.2d 997, 1004 (4th Cir. 1981).

Burned once, the Court finds summary judgment now inappropriate. Although some of plaintiffs' claims are "totally groundless," there are allegations concerning the adequacy of the Union lawyer's representation of them that must be resolved by the trier of fact. Plaintiffs allege that the Union breached its duty of fair representation because the Union attorney failed to familiarize himself with the facts and relevant arguments he needed to adequately represent the plaintiffs in arbitration proceedings. Specifically, plaintiffs allege that the attorney, Thomas Kohn, so failed to understand his own case that he agreed to represent two other Union members with a similar grievance before the Arbitrator, without realizing the inherent conflict between those members and plaintiffs. The other two members were high

**1268**

seniority transfers, while plaintiffs were low seniority transfers, and the contracts and other documents relating to the grievance applied differently to them than to plaintiffs. It is possible that plaintiffs were prejudiced by their attorney's action in allowing them to be bound by any decision with respect to the other members. Plaintiffs also allege that the attorney failed to familiarize himself with the proceedings which had occurred before this Court and the Fourth Circuit, and that he failed to address critical issues on which the arbitrator's decision relied.

Defendant has not done much to negate these contentions. Instead, it has tried to play down the importance of the attorney's various actions, arguing, for example, that the failure to introduce a single piece of evidence is not enough to cause the entire arbitration proceeding to be valid. Defendant argues that other alleged "mistakes" were merely decisions of strategy and tactics not amounting to any arbitrary, discriminatory or bad faith action.

Plaintiffs do not allege isolated examples of tactical decisions. They allege, with the support of the depositions of Kohn and others, that there was an entire course of conduct "so unreasonable and arbitrary as to constitute a violation of the duty of fair representation," *see Griffin v. United Auto Workers*, 469 F.2d 181, 183 (4th Cir. 1972). If the plaintiffs can prove their allegations, it is possible they could recover for a violation of the Union's duty. Without commenting further on the merits of plaintiffs' allegations, summary judgment is again inappropriate and the motion must be denied.