**Ronald SINE and Larry Danner, Appellants,**

v.

**LOCAL NO. 992, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellee,**

and

**Eastern Conference of Teamsters and Mitchell Transport, Inc., Defendants.**

**Ronald SINE and Larry Danner, Appellants,**

v.

**LOCAL NO. 992, INTERNATIONAL BROTHERHOOD OF TEAMSTERS and Mitchell Transport, Inc., Appellees,**

and

**Eastern Conference of Teamsters, Defendant.**

**Nos. 85–1570, 85–1735.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1986.

Decided May 7, 1986.

Harry Goldman, Jr. (Goldman & Skeen, P.A. and Richard Neuworth, Baltimore, Md., on brief), for appellants.

Jonathan G. Axelrod (John R. Mooney, Beins, Axelrod & Osborne P.C., Washington, D.C., on brief) Gregory J. Miller (Allport & Knowles, Cleveland, Ohio on brief), for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

This appeal arises in the context of a fair representation suit and is the third time that this case has been before this court. Previously, we vacated an order of the district court that granted summary judgment to defendant Local 992 of the International Brotherhood of Teamsters (Local 992). *Sine v. Local 992, Int'l Bhd. of Teamsters*, 644 F.2d 997, 1002 (4th Cir.), cert. denied, 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981). In that same case, we affirmed the district court's refusal to set aside an arbitration award and its entry of judgment for defendant Mitchell Transport, Inc., the plaintiffs' employer. See *id.* at 1004. On remand, the district court held that the plaintiffs' action against Local 992 was untimely filed and dismissed that action. We affirmed in part but vacated that dismissal and again remanded for consideration of plaintiffs' claims against Local 992. *Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 965–66 (4th Cir.1984).

On the second remand, the district court entered default judgment in favor of the defendant, 603 F.Supp. 1264. Plaintiffs filed two notices of appeal. We find that the first notice of appeal was premature and that we cannot consider any of the issues raised therein. In the appeal following the second notice, we find that the district court erred in its order of June 4, 1985, later referred to. Consequently, we vacate that order and remand to the district court with instructions to consider motions that were pending at the time the plaintiffs filed their first notice of appeal.

On April 16, 1985, the district court entered a default judgment against the plaintiffs for what is described as a willful failure to make discovery. On April 26, 1985, plaintiffs filed a motion to set aside the default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a motion to alter or amend the default judgment pursuant to Rules 52(b) and

59(e), a motion to set aside the default judgment pursuant to Rule 60(b)(4), and a motion to have the presiding district court judge recuse himself from the case on the ground of personal prejudice or bias pursuant to 28 U.S.C. § 144. On May 15, 1985, while these motions were pending, plaintiffs filed a notice of appeal from the April 16th default judgment. On June 4, 1985, the district court informed counsel for both parties by letter that it had entered a marginal order by which it held that the filing of the notice of appeal mooted the motions still pending before the court, thereby precluding the court from considering those motions. On July 3, 1985, the plaintiffs filed a second notice of appeal in which they appealed from the district court's order disposing of their pending motions as moot.

In this appeal, we consider the plaintiffs' two notices of appeal separately. In their first notice of appeal, the plaintiffs' appeal from the district court's entry of default judgment against them. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

The rule in its present form incorporates changes that were made in 1979 to address explicitly situations such as presented in this case in which a party has filed a post trial motion for modification of judgment pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure. In the Advisory Committee Notes accompanying Rule 4, the Committee stated:

> The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. . . .
>
> The present rule, since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during the pendency of the motion but should file a new notice of appeal after the motion is disposed of.

Advisory Committee Notes to FED.R. APP.P. 4(a)(4).

■ As noted above, the plaintiffs filed numerous post trial motions following the district court's entry of default judgment, including a motion to alter or amend the default judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. These motions were still pending when the plaintiffs filed their first notice of appeal on May 15, 1985. Thus, according to the explicit terms of Rule 4(a)(4) of the Federal Rules of Appellate Procedure, the plaintiffs' first notice of appeal is of no effect. Because the filing of the notice of appeal was premature, our consideration of any of the issues which might be raised by that notice must await the filing of a proper notice of appeal after the district court has considered the merits of the motions that were pending at the time the plaintiffs filed their first notice. Accord *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403 74 L.Ed.2d 225 (1982).

■ With regard to the plaintiffs' second notice of appeal, in which they appealed from the district court's dismissal of the pending motions as moot, we consider that

notice as valid as it was timely filed and the marginal order of June 4, 1985 had ended the case. Turning to the merits of that appeal, for the reasons set forth above with regard to the first notice of appeal, we conclude that the district court erred when it held that the filing of the first notice of appeal mooted those motions still pending before the court at the time of filing. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed while post trial motions filed pursuant to Rules 52(b) and 59 are pending is of no effect. Consequently, that notice could not serve to moot those motions still pending at the time the notice was filed. The district court erred in concluding otherwise. While the district court could have considered the motions made under Rules 55 and 60(b), see *Standard Oil Co. of California v. United States*, 429 U.S. 17, 18, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Patterson v. American Tobacco Co.*, 634 F.2d 744, 746 n. 1 (4th Cir.1980) (en banc), vacated on other grounds, 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982); *Williams v. McKenzie*, 576 F.2d 566, 470 (4th Cir.1978); Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2873, at 265 (1943), it did not, for it likewise erroneously concluded that they were moot.

In summary, we find that the plaintiffs' first notice of appeal is of no effect, so we do not consider any of the issues which may have been raised by that notice. We find that the second notice of appeal is valid, and in that appeal we decide that the district court erred in its order of June 4, 1985 holding the pending motions to be moot. We vacate that order and remand to the district court for consideration of those motions which were pending at the time the plaintiffs filed their first notice of appeal.

VACATED AND REMANDED.