878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Neil ABRAMSON, Plaintiff-Appellant,
v.
Claude STAFFORD, Sergeant Waldron, Deputy White, all
individually and as members of the Sheriff's Department of
the City of Chesapeake, Virginia, John Newhart, City of
Chesapeake, Defendants-Appellees.
 No. 89-7059.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 7, 1989.
Decided June 29, 1989.
 
 Neil Abramson, appellant pro se.
 Laura Jayne Holland Willcox & Savage, PC, George Thomas Albiston, Breit, Drescher, Breit, PC, for appellees.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Neil Abramson appeals an order of the district court which granted a motion to dismiss as to the City of Chesapeake, one of the six defendants in this case. He has also moved that this appeal be stayed. We deny the motion for stay and dismiss the appeal for lack of jurisdiction.
 
 
 2
 At the same time he noted this appeal, Abramson filed a motion for reconsideration in the district court. He now wishes to delay this Court's action on his appeal so that the district court can rule on the motion for reconsideration. Because the district court retains jurisdiction to consider a motion for reconsideration even after a final judgment, however, the motion for stay is unnecessary and is, therefore, denied. Standard Oil Co. of California v. United States, 429 U.S. 17 (1976); Sine v. Local No. 992, International Brotherhood of Teamsters, 790 F.2d 1095, 1098 (4th Cir.1986); C. Wright & A. Miller, Federal Practice and Procedure Sec. 2873 at 265 (1973).
 
 
 3
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 4
 As the order appealed from is not a final order, it is not appealable under 28 U.S.C. Sec. 1291. Although the clerk of the district court entered a judgment after the City of Chesapeake's motion to dismiss was granted, the district court judge has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 5
 Finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 6
 DISMISSED.