61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick D. PETRICK, Plaintiff-Appellant,
v.
David WALTERS; Susan Brimer Loving; James D. Bednar;
Douglas B. Allen; Gerald Adams; Neal Leader; Sandra D.
Howard; A. Diane Blalock; G. Lynn Burch; Patrick Crawley;
Alecia George; Steven S. Kerr; Jennifer B. Miller; Diane
L. Slayton; Robert M. Whittaker; Guy L. Hurst; Robert
Butkin; Rick D Chamberlain; Julie Corley; Lisa T. Davis;
Karin Kriz; Yasodhara Mohanty; Sharon O'roke; Rebecca
Pasternik-Ikard; Dan M. Peters; Wellon B. Poe; Rob
Ramana; Linda K. Soper; W. Craig Sutter; Andrew
Tevington; Victor N. Bird; Walter W. Roberson; Jane F.
Wheeler; John Crittenden; Glen D. Hammonds; Gretchen
Harris; Brita Haughland-Cantrell; James R. Johnson;
Gretchen Zumwalt Kennedy; Barry K. Koonce; Julie Kramer;
Joseph L. Mccormick, IV; Douglas F. Price; Cooper Brett
Robinson; Steven K. Snyder; L. Michelle Stephens; Judy A.
Terry; Gay Abston Tudor; Charles A. Johnson; Charles
Chapel; Gary L. Lumpkin; James F. Lane; Reta M. Strubhar;
Ralph B. Hodges; Robert E. Lavender; Robert D. Simms;
Rudolph Hargrave; Marian P. Opala; Alma Wilson; Yvonne
Kauger; Hardy Summers; Joseph M. Watt, Defendants-Appellees.
 No. 95-6135.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALLOCK and BRORBY, Circuit Judges.
 
 
 1
 BRORBY, United States Circuit Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Petrick, an Oklahoma inmate and pro se litigant, appeals the dismissal of his 1983 civil rights complaint. We exercise jurisdiction and affirm the trial court's dismissal.
 
 
 4
 Mr. Petrick filed this complaint, suing the Governor of the State of Oklahoma, the justices of the Supreme Court of Oklahoma, the judges of the Oklahoma Court of Appeals, and various state officers. While the complaint consisted of eight counts, it can be summarized by stating that Mr. Petrick alleged his constitutional rights had been violated as a result of the Judges of the Oklahoma Court of Criminal Appeals discriminatorily electing not to publish cases of precedential and fundamental value. Mr. Petrick asserted that most of the criminal cases having precedential value to him and his case are unpublished and the courts are thereby hampering his efforts in challenging his state conviction.
 
 
 5
 The trial court, utilizing a thorough report and recommendation of the Magistrate Judge, dismissed the complaint as frivolous under 28 U.S.C.1915(d). See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Mr. Petrick appeals this decision, asserting his complaint has great meritorious value. Mr. Petrick then cites law to us concerning his constitutional right of meaningful access to the courts and the general rules relating to the construction of pro se complaints.
 
 
 6
 Mr. Petrick has no constitutional right to require a state appellate court to publish each and every one of its decisions. As the Magistrate Judge noted, whether an opinion should be published is a wholly discretionary decision for the state court. Accordingly, the judgment of the district court is AFFIRMED for substantially the same reasons set forth in the Magistrate Judge's Report and Recommendation as entered in the District Court on February 16, 1995, a copy thereof being attached hereto.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470