81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick Dean PETRICK, Plaintiff-Appellant,
v.
David WALTERS, Susan Brimer Loving, James D. Bednar, Douglas
B. Allen, Gerald Adams, Neal Leader, Sandra D. Howard, A.
Diane Blalock, G. Lynn Burch, Patrick Crawley, Alecia
George, Steven S. Kerr, Jennifer B. Miller, Diane L.
Slayton, Robert M. Whittaker, Guy L. Hurst, Robert Butkin,
Rick D. Chamberlain, Julie Corley, Lisa T. Davis, Karin
Kriz, Yasodhara Mohanty, Sharon O'Roke, Rebecca
Pasternik-Ikard, Dan M. Peters, Wellon B. Poe, Rob Ramana,
Linda K. Soper, W. Craig Sutter, Andrew Tevington, Victor N.
Bird, Walter W. Roberson, Jane F. Wheeler, John Crittenden,
Glen D. Hammonds, Gretchen Harris, Brita Haughland-Cantrell,
James R. Johnson, Gretchen Zumwalt Kennedy, Barry K. Koonce,
Julie Kramer, Joseph L. Mccormick, Iv, Douglas F. Price,
Cooper Brett Robinson, Steven K. Snyder, L. Michelle
Stephens, Judy A. Terry, Gay Abston Tudor, Charles A.
Johnson, Charles Chapel, Gary L. Lumpkin, James F. Lane,
Reta M. Strubhar, Ralph B. Hodges, Robert E. Lavender,
Robert D. Simms, Rudolph Hargrove, Marian P. Opala, Alam
Wilson, Yvonne Kauger, Hardy Summers, Joseph M. Watt,
Defendants-Appellees.
 No. 95-6356
 United States Court of Appeals, Tenth Circuit.
 March 25, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Rick Dean Petrick appeals the denial of his motion to vacate or set aside the judgment of the district court filed on September 1, 1995. For the following reasons, we AFFIRM.
 
 
 3
 Petrick, an Oklahoma prisoner proceeding pro se and in forma pauperis, filed a complaint in federal district court pursuant to 42 U.S.C.1983 alleging violations of his constitutionally protected rights. The named defendants were the Governor of the State of Oklahoma, the justices of the Supreme Court of Oklahoma, the judges of the Oklahoma Court of Criminal Appeals, and various state officers. In eight separate counts, the complaint essentially alleged that the judges of the Oklahoma Court of Criminal Appeals discriminatorily elected not to publish cases of precedential and fundamental value. Petrick asserted that most of the criminal cases having precedential value to him and his case are unpublished, and he was thus hampered in his efforts to challenge his state conviction and denied his right of access to the courts. The defendants who were not judges on the Court of Criminal Appeals were alleged to have failed in their duties to properly supervise the Oklahoma Court of Criminal Appeals. The district court, adopting the report and recommendation of a magistrate judge, dismissed Petrick's complaint as frivolous under 28 U.S.C.1915(d). See Neitzke v. Williams, 490 U.S. 319, 327 (1989). The magistrate concluded that "Plaintiff ... has absolutely no constitutional right to require the Oklahoma Court of Criminal Appeals and its individual judges to publish their opinions in any particular case." R.O.A., Vol. I, Doc. 5, at 3.
 
 
 4
 On appeal, this Court affirmed the district court's judgment for substantially the reasons set forth in the magistrate's report, noting in passing that "Mr. Petrick has no constitutional right to require a state appellate court to publish each and every one of its decisions." Petrick v. Walters, 61 F.3d 916 (10th Cir.1995)(unpublished disposition). Petrick then filed the instant motion to vacate and/or set aside the district court judgment pursuant to Rule 60(b) on the grounds of mistake or inadvertence.[2] See Standard Oil Co. of California v. United States, 429 U.S. 17 (1976) (district court may entertain Rule 60(b) motion to reopen an judgment that has been reviewed on appeal without obtaining leave of the appellate court). The district court denied Petrick's motion without comment. Petrick appeals.
 
 
 5
 On appeal, Petrick asserts that the district court and this Court misunderstood his claim as an attempt to force the Oklahoma Court of Criminal Appeals to file each and every case ruled upon in state courts. In fact, his complaint is that these judges are abusing their authority in "refusing and/or denying to publish certain ruled on cases of precedential value which change[ ] state laws and hold[ ] certain state statutes unconstitutional." Br. of Appellant at 2. Petrick also alleges that the district court erred in denying his motion to vacate the judgment without providing him with written findings of fact and conclusions of law to assist him in preparing his appeal.
 
 
 6
 Despite the language in our earlier order seized on by Patrick, neither the district court nor this Court misapprehended his claim or the law. We reiterate that Petrick has no constitutional right to require the publication of any particular case. Nor is the district court required to render written findings in denying a Rule 60(b) or Rule 59 motion. See Fed.R.Civ.P. 52 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule [governing judgments on partial findings].") Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3
 
 
 [2]
 Petrick also invokes Fed.R.Civ.P. 59, which provides that a motion for a new trial or amendment of a judgment may be filed within 10 days of the entry of judgment. Petrick claims that he filed this motion within 10 days of receiving the denial of his petition for rehearing from this Court's decision. However, as his motion was not filed within 10 days of the entry of the district court's judgment, Rule 59 is not applicable