# STANDARD OIL CO. OF CALIFORNIA *v.*
# UNITED STATES

No. 72–1251.  Decided October 18, 1976

PER CURIAM.

Following an eight-day trial, the United States District Court for the Northern District of California enjoined movant from engaging in certain practices found to violate § 3 of the Sherman Act, 26 Stat. 209, as amended, 15 U. S. C. § 3. 362 F. Supp. 1331 (1973). The judgment was summarily affirmed by this Court. 412 U. S. 924. Movant now seeks to have the judgment set aside on the basis of alleged misconduct by Government counsel and by a material witness who is now prosecuting a treble-damages action against movant. Preliminarily to filing a motion in the District Court pursuant to Fed. Rule Civ. Proc. 60 (b), movant has filed a motion in this Court requesting that we recall our mandate [1] and grant leave to proceed in the District Court. We hold that the District Court may entertain a Rule 60 (b) motion without leave by this Court. We therefore deny the motion to recall our mandate, without prejudice to Standard Oil's right to proceed in the District Court.

---

[1] It is technically incorrect to refer to our "mandate" because a copy of the judgment was issued in lieu of a mandate. See this Court's Rule 59 (3). Nevertheless, to avoid confusion with the District Court judgment, we will use the term "mandate" throughout this opinion.

We recognize that in the past both this Court and many Courts of Appeals have required appellate leave before the District Court could reopen a case which had been reviewed on appeal.[2] The requirement derived from a belief that an appellate court's mandate bars the trial court from later disturbing the judgment entered in accordance with the mandate. See *In re Potts,* 166 U. S. 263 (1897); *Butcher & Sherrerd* v. *Welsh,* 206 F. 2d 259, 262 (CA3 1953), cert. denied, 346 U. S. 925 (1954); *Home Indemnity Co. of New York* v. *O'Brien,* 112 F. 2d 387, 388 (CA6 1940). It has also been argued that the appellate-leave requirement protects the finality of the judgment and allows the appellate court to screen out frivolous Rule 60 (b) motions. *Tribble* v. *Bruin,* 279 F. 2d 424, 427–428 (CA4 1960); 7 J. Moore, Federal Practice ¶ 60.30 [2], p. 429 n. 27 (1975).

In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, pp. 269–270 (1973). Cf. *SEC* v. *Advance Growth Capital*

---

[2] This Court held that appellate leave was required in *In re Potts,* 166 U. S. 263 (1897), and spoke approvingly of the practice in *Hazel-Atlas Co.* v. *Hartford Co.,* 322 U. S. 238, 248 (1944). The appellate-leave requirement has also been approved by several Court of Appeals decisions, in addition to those cited in the paragraph of the text accompanying this footnote. See *Wilson Research Corp.* v. *Piolite Plastics Corp.,* 336 F. 2d 303, 305 (CA1 1964); *Hartman* v. *Lauchli,* 304 F. 2d 431, 432–433 (CA8 1962) (alternative holding). On the other hand, the Tenth Circuit has rejected the requirement, *Kodekey Electronics, Inc.* v. *Mechanex Corp.,* 500 F. 2d 110, 112–113 (1974); *Wilkin* v. *Sunbeam Corp.,* 405 F. 2d 165 (1968), and the Seventh Circuit has recently indicated that it now "would probably not go so far as to hold that appellate leave is necessary whenever relief is sought under Rule 60 (b)(5)," *SEC* v. *Advance Growth Capital Corp.,* 539 F. 2d 649, 650 (1976).

*Corp.,* 539 F. 2d 649, 650 (CA7 1976). Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60 (b) proceeding. Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60 (b) motions. Indeed, the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60 (b)," *Wilkin* v. *Sunbeam Corp.,* 405 F. 2d 165, 166 (CA10 1968). Accord, *Wilson Research Corp.* v. *Piolite Plastics Corp.,* 336 F. 2d 303, 305 (CA1 1964); 11 Wright & Miller, *supra,* at 269.

The appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts. We see no reason to continue the existence of this "unnecessary and undesirable clog on the proceedings," *S. C. Johnson & Son, Inc.* v. *Johnson,* 175 F. 2d 176, 184 (CA2 1949) (Clark, J., dissenting). We therefore deny the motion to recall because the District Court may take appropriate action without this Court's leave.

MR. JUSTICE WHITE took no part in the consideration or decision of this case.