**Herbert SELLERS, Appellant,**

v.

**GENERAL MOTORS CORPORATION.**

No. 83–1834.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 17, 1984.
Decided June 1, 1984.

Mark R. Cuker, Wapner, Newman & Associates, Philadelphia, Pa., for appellant.

William V. Coleman, William J. Ricci, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for appellee.

Before GIBBONS and HUNTER, Circuit Judges, and STAPLETON, District Judge *

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

Herbert Sellers appeals from an order denying his Fed.R.Civ.P. 60(b) motion for relief from a judgment on the ground that the defendants fraudulently concealed material evidence. In a prior appeal, *Sellers v. General Motors Corp.*, 720 F.2d 666 (3d Cir. 1984) we affirmed a judgment in favor of the defendant, General Motors Corporation, entered on a jury verdict in Sellers' diversity product liability case.

The trial court denied Sellers' timely Rule 60(b) motion on the ground that the action of this court established as law of

* Hon. Walter K. Stapleton, United States District Judge for the District of Delaware, sitting by

the case that the motion should be denied. Plainly the judgment of this court did not review a Rule 60(b) order, for no such order was before us. The trial court reasoned, however, that because we denied Sellers' motion for a remand to consider his Rule 60(b) motion we must have considered its merits and found against him. We did not. The denial of the remand motion established no more than that we would decide the pending appeal on the record made in the district court prior to the filing of the notice of appeal. Our affirmance on that record did not limit the power of the district court to consider Rule 60(b) relief. *See Standard Oil Co. of California v. United States*, 429 U.S. 17, 18–19, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976) (per curiam).

The judgment appealed from will be reversed and the case remanded for further proceedings.