Gary Lee ROLLER, Plaintiff,

v.

William E. GUNN, Director of the South Carolina Department of Probation, Parole, and Pardon Services, and South Carolina Department of Probation, Parole, and Pardon Services, Defendants.

No. 3:90–3054–20AJ.

United States District Court,
D. South Carolina,
Columbia Division.

June 6, 1996.

W. Gaston Fairey, Columbia, SC, for plaintiff.

Carl Norman Lundberg, Columbia, SC, for defendants.

### ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendants for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff, Gary Lee Roller ("Roller"), filed this action pursuant to 42 U.S.C. § 1983 alleging that the application of an amendment to a state statute regarding parole hearings violated the ex post facto clause of the United States Constitution. At the time of Roller's sentencing, the statute at issue, S.C.Code Ann. § 24–21–645 (Law.Co-op.Supp.1995), provided for annual parole hearings for all inmates. In 1986, the South Carolina General Assembly amended the statute to provide for parole hearings every two years for violent offenders. This court, adopting the Report and Recommendation of a United States Magistrate Judge, held that the application of the amendment did not violate the ex post facto clause. The United States Court of Appeals for the Fourth Circuit reversed. The United States Supreme Court then granted certiorari. While the case was pending before the Supreme Court, the South Carolina General Assembly again amended the statute to provide for annual parole hearings for violent offenders. The Supreme Court then dismissed the writ of certiorari as improvidently granted. *See Roller v. Cavanaugh,*[1] 984 F.2d 120 (4th Cir.), *cert. granted,* 508 U.S. 939, 113 S.Ct. 2412, 124 L.Ed.2d 635 *and cert. dismissed,* 510 U.S. 42, 114 S.Ct. 593, 126 L.Ed.2d 409 (1993). In 1994, the South Carolina General Assembly returned the law to its 1986 status providing for parole hearings every two years for violent offenders.

In 1995, the United States Supreme Court decided *California v. Morales,* — U.S. —, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), which addressed a California statute similar to South Carolina's § 24–21–645. The Court

---

1. Defendant Gunn was substituted for Cavanaugh pursuant to Rule 25(d) of the Federal Rules of Civil Procedure by a prior order of this court.

held that application of an amendment providing parole hearings every three years for persons convicted of taking a life rather than every year did not violate the ex post facto clause. The defendants in the case at bar now move for reconsideration in light of the Supreme Court's decision in *Morales*.

■ Roller claims as an initial matter that the defendants have improperly invoked the authority of this court and that the proper procedure to obtain the relief they seek is to petition to the United States Court of Appeals for the Fourth Circuit, who issued the dispositive order in this action. The court finds, however, that it has authority to consider the defendants' motion. *See Standard Oil Co. v. United States*, 429 U.S. 17, 17, 97 S.Ct. 31, 31, 50 L.Ed.2d 21 (1976) (holding that district court may entertain a Rule 60(b) motion without leave of appellate court); *Patterson v. American Tobacco Co.*, 634 F.2d 744, 746 n. 1 (4th Cir.1980) (noting that defendants' petition in circuit court for recall of mandate was not a prerequisite to district court's consideration of Rule 60(b) motion), *vacated and remanded on other grounds*, 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982).

■ This motion again presents the issue of whether the increase in time period between parole hearings violates the ex post facto clause. Like the California statute at issue in *Morales*, § 24–21–645 defers subsequent parole consideration for a certain class of violent criminals once parole has been initially denied. Although Roller attempts to distinguish the California statute from § 24–21–645, the court finds that these differences do not impact on the ex post facto analysis.

Under *Morales*, a court considering an ex post facto challenge to a statute must determine "'whether a [legislative change] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Hill v. Jackson*, 64 F.3d 163, 168 (4th Cir.1995) (quoting *California v. Morales*, — U.S. ——, ——, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995)) (alteration in original). As in *Morales*, § 24–21–645 applies to a class of inmates for whom the likelihood of parole is remote—in this case, violent offenders. *See Morales*, — U.S. at ——, 115 S.Ct. at

1603; *Hill*, 64 F.3d at 169. Furthermore, the amendment has no effect on the date of any inmate's initial parole hearing, but affects only the date of subsequent hearings. *See Morales*, — U.S. at ——, 115 S.Ct. at 1604; *Hill*, 64 F.3d at 169. Finally, § 24–21–645 does not limit the parole board's authority to schedule more frequent hearings; it merely states that "prisoners in confinement for a violent crime must have their cases reviewed every two years for the purpose of a determination of parole." S.C.Code Ann. § 24–21–645 (Law.Co-op.Supp.1995); *see Morales*, — U.S. at ——, 115 S.Ct. at 1604; *Hill*, 64 F.3d at 169.

For the foregoing reasons, the court finds that the application of § 24–21–645 to Roller does not violate the ex post facto clause. Accordingly, it is

**ORDERED** that the defendants' motion for reconsideration is granted, and judgment shall be entered for the defendants.

**IT IS SO ORDERED.**