**PYRAMID TECHNOLOGY CORPORATION, INC.,**
Plaintiff–Appellee,

v.

**NICOLES, INC., a Pennsylvania corporation dba Wharton Automation Associates and Elliott Cook, an individual,**
Defendants–Appellants.

No. 99–16980.
D.C. No. CV–91–20266–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided June 7, 2001.

contend otherwise now.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Appellant Nicoles, Inc. ("Nicoles"), appeals the denial of a motion to vacate an award of summary judgment on the grounds that the prevailing party, Pyramid Technology Corporation ("Pyramid"), committed a fraud on the court. We affirm for three reasons.

First and most important, Nicoles failed to prove that Pyramid committed a fraud on the court. Pyramid's counsel's statements at closing argument show no fraud, much less an unconscionable plan or scheme to defraud. *See England v. Doyle,* 281 F.2d 304, 309 (9th Cir.1960). Regardless of appellants' argument that *England* should not be the standard for determining what constitutes a fraud on the court, by any standard a fraud on the court requires a fraud. *See In re Levander,* 180 F.3d 1114, 1119–20 (9th Cir.1999). Nothing in

the record establishes that Pyramid used false evidence or did anything else that was fraudulent in support of its motion for summary judgment on the counterclaims by Nicoles.

■■■■ Second, the timing of this motion-nearly three-and-a-half years after trial-is improper. The alleged fraud occurred in open court during trial. Nicoles failed to object to the closing argument, failed to raise the issue of fraud with the trial court, and failed to raise it on its appeal of the merits. This court retains broad inherent power to vacate its own judgment even when the aggrieved party has not been diligent in uncovering the fraud. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *overruled on other grounds by Standard Oil Co. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). In the present case, however, there was nothing for Nicoles to uncover. The existence of broad inherent powers to vacate judgments is not a license for parties to refrain from bringing motions until after an appeal on the merits. By doing so in the present case, Nicoles has extended the life of this litigation for more than two years after the United States Supreme Court denied certiorari. The court's broad inherent powers to vacate its own judgment for fraud on the court reflect the threat fraud poses to the integrity of judicial process. But the dilatory actions taken by Nicoles are nearly as threatening.

Finally, the remedy sought by Nicoles is inappropriate. A three-judge panel affirmed the district court's grant of summary judgment. *See Pyramid Tech. Corp., Inc. v. Nicoles, Inc.,* Nos. 96–17152, 96–17368, 1998 WL 452229 (9th Cir. Sept.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

3, 1998) (*"Pyramid I"*). The affidavits filed by the parties may have suggested "the possibility of an oral contract," but other evidence firmly contradicted the existence of such a contract, just as the panel in *Pyramid I* found that evidence contradicted the existence of a joint venture agreement. *Id.* at ** 1. There is no genuine issue of material fact as to the existence of an oral contract. Allowing Nicoles to file what is essentially a meritless claim would in no way remedy a fraud on the court.

Therefore, the district court's denial of the motion for sanctions is AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.