NYGAARD, Circuit Judge,
Dissenting in part.
I join those sections of the Majority opinion that affirm the District Court’s dismissal of the Appellant’s complaint. I disagree with the Majority’s vacating and remanding the redemption claim.
I. Judicial Notice[1]
For the first time in this litigation, the Appellant’s reply brief asserts that Werner Company corporate minutes exist, which, they allege, were uncovered during discov *301 ery in another action in New York, and, obviously, long after the District Court dismissed this cause on a 12(b)(6) motion. I would not reverse the District Court on this basis.
First, judicially noticing these corporate minutes does nothing to change the standards and analysis the District Court used in reviewing the complaint pursuant to fed. R. Civ. P. 12(b)(6). All the majority has by this device is the allegation that some corporate minutes were transcribed and filed by the Werner Company after a Board of Director’s meeting. I can well suppose that this was done numerous times — indeed, probably after every Board of Director’s meeting. This act is irrelevant to the determination of whether the District Court properly dismissed this claim based solely upon the pleadings.[2]
Second, judicial notice is premised on the concept that certain facts exist that a court may accept as true without requiring additional proof from the opposing parties. See General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir.1997). Put another way, judicial notice is an adjudicative device courts may use to substitute the acceptance of a universal truth for the conventional method of introducing evidence. Id. The employment of this device, therefore, demands caution, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking notice of pertinent facts.
Federal Rule of Evidence 201 empowers a court to take judicial notice of an adjudicative fact if that fact is “not subject to reasonable dispute.” (emphasis added). The corporate minutes discovered after the case had been dismissed by the District Court are not “adjudicative facts.” An adjudicative fact is one “not subject to reasonable dispute in that it is either (1) generally known ... or (2) capable of accurate and ready determination through unquestionably reliable sources.” See Fed. R. Evid. 201(b); In re Warfarin Sodium Antitrust Litigation, 214 F.3d 395, 398 (3d Cir.2000); United States v. Carr, 25 F.3d 1194, 1202 n. 3 (3d Cir.1994). In my view, these corporate minutes (and whatever they mean) relied on by the Majority do not fit within the criteria of Rule 201(b).
Third, before any court takes judicial notice of a fact, we should permit both parties an opportunity to be heard on the question of whether judicial notice is proper. fed. R. Evid. 201(e). Fundamental fairness requires that before taking judicial notice of these minutes, we should have given the Appellee an opportunity to challenge the propriety of doing so. An issue raised in a reply brief and oral argument do not suffice. See eg. USA v. Damato, 554 F.2d 1371, 1374 nn. 9, 10 (5th Cir.1977). When an appellate court desires to augment the record by new evidence, not offered in the trial court, the court should afford the parties a hearing on whether judicial notice should be taken, an opportunity to examine the new evidence and comment thereon, and the opportunity to offer any new evidence to rebut the same. USA v. Doss, 563 F.2d 265, 285 n. 5 (6th Cir.1977).
II. New Evidence Presented in a Reply Brief
Equally as troubling to me as the Majority’s judicially noticing evidence discovered during the appellate process to reverse the District Court, is the fact that the issues emanating from these corporate minutes *302 were raised for the first time in the Appellant’s reply brief. The Rules of Appellate Procedure contain no provision allowing for new issues to be presented on appeal, let alone in a reply brief. A reply brief is like rebuttal — an opportunity for the appellant to “reply” to arguments of the ap-pellee, not to raise a new issue at a time when the appellee cannot respond. That is unfair. The Rules of Civil Procedure, however, do provide a remedy specifically written for this eventuality. If a party discovers new evidence after judgment is entered, the appropriate procedure for that party is to request a stay from us, and move in the District Court for relief from its judgment under fed. R. Civ. P. 60(b). This permits a party to present new evidence while maintaining the integrity of the trial and review processes of our respective courts, and places the initial analysis of that evidence, its admissibility, and its significance, within the jurisdiction of the District Court where it belongs. Cf. Standard Oil Co. v. United States, 429 U.S. 17, 19, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976) (appellate leave not required for District Court to rule on Rule 60(b) motion).[3] Rule 60(b) is the method for accommodating new concerns created by new evidence. This process, and not an expansion of the appellate court’s powers, should be used when new evidence is discovered following a judgnent in a district court.
Our jurisprudence is likewise clear. We stated in United States ex rel. Bradshaw v. Alldredge, 432 F.2d 1248, 1250 (3rd Cir.1970), “It is, of course, black letter law the United States Court of Appeals may not consider material or purported evidence which was not brought upon the record in the trial court.” (Emphasis added); see also Sewak v. INS, 900 F.2d 667, 673 (3d Cir.1990) (“As an appellate court we do not take testimony, hear evidence or determine disputed facts.... ”). In this Circuit, improper augmentation of the record “is not to be condoned, and can constitute an adequate basis for dismissing an entire appeal.” O’Keefe v. Sprout-Bauer, Inc., 970 F.2d 1244, 1259 (3d Cir.1980). As we said in Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir.1986), cert. denied, 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872, (1987), “[T]he only proper function of a court of appeals is to review the decision below on the basis of the record that ivas before the District Court.” (emphasis added.)
III. Conclusion
In summary, I dissent for three reasons. First, I believe the Majority’s use of judicial notice is improper. Second, because this issue was raised for the first time in the Appellant’s reply brief, I would not consider it. Third, the Rules of Civil Procedure specifically provide the appropriate procedural pathway, which evidently appellant’s counsel failed to follow. I would affirm the District Court in all respects.

. Judicial notice is one of the oldest doctrines of the common law, traceable to the ancient maxim, “manifesta non indigent probatione." ("That which is known need not be proved.”)

. The Majority asserts that the plaintiffs "were precluded from engaging in discovery in the District Court.” Discovery is immaterial. This is not a summary judgement. It is a Fed. R. Civ. P. 12 (b)(6) dismissal, and must be decided solely on the pleadings.

. Even where the application of Rule 60(b) is barred by its one-year statute of limitations, it is inappropriate for an appellate court to remand the case to the district court to consider new evidence absent extraordinary circumstances. See Goland v. CIA, 607 F.2d 339, 370-71 (D.C.Cir.1978).