VI'I PITA, Plaintiff/Counterdefendant,

v.

MIRIAMA GARRETT and RICHARD GARRETT, Defendants/
Counterclaimants/Cross-Claimants,

v.

TERRITORIAL REGISTRAR and SURVEY
MANAGER OF THE DEPARTMENT OF
PUBLIC WORKS, MEKO AIUMU, Cross-Defendants.

---

TIMU LEVALE, by and on behalf of the TIMU FAMILY, Plaintiffs,

v.

RAY McMOORE, SESE McMOORE, and IOANE FE`AFE`AGA
ENE, Defendants.

---

AMERICAN SAMOA GOVERNMENT, Plaintiff,

v.

HEIRS OF IOANE FE`AFE`AGA ENE, aka MAUGA
FE`AFE`AGA ENE, TOLANI TELESO FUGA, ELETISE
MATAGI WOLMAN, SENEVEFA PRITT, TIMU LEVALE, on
behalf of the TIMU FAMILY, RAY McMOORE, SESE McMOORE
aka SESE SAGAPOLU, VI'I PITA, PERALITA CANDY FUAVAI,
ZAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO`A,
SOVITA LIVING TRUST, MIRIAMA GARRETT, AMERIKA
SAMOA BANK, and DOES 1-10, Defendants.

---

TERRITORIAL REGISTRAR, on behalf of the HEIRS OF IOANE
FE`AFE`AGA ENE, Claimants,

v.

TELESIA FE`A FIAME, on behalf of the FE`A FAMILY, ELETISE
MATAGI WOLMAN, SENOUEFA PRITT, TAUINOLA
LAUAMA, FUGA TOLANI TELESO, VI'I PITA, FIALE
LARSON, aka FIALE NIKO, aka SOVITA SUAFOA, AND
SOVITA LIVING TRUST, Objectors.

---

**SINAVAIANA M. ULUFALE, Administrator of the Estate of IOANE FE`AFE`AGA ENE, Claimant,**

**v.**

**TELESIA FE`A FIAME, FA`AMOE I HOLEWYNE, AFOA L. SU`ESU`E LUTU, On behalf of PEARLITA FUAVAI, MARSHALL ASHLEY, on behalf of ELETISE M. WOLMAN, SENOUEFUA RITT, TAUINAOLA LAUAMA, FUGA TELESO, VI`I PITA, FIALE LARSON, aka FIALE NIKO, aka SOVITA SUAFO`A, and SOVITA LIVING TRUST, and FE`AFE`AGA TAUAMO II, Objectors.**

---

**FA`AMAMAFA POLOA and LUSI POLOA, Intervenors.**

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-93
LT No. 10-95
LT No. 20-96
LT No. 01-98

February 3, 2004

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, and TAPOPO, Associate Judge.

Counsel: <u>LT No. 14-93</u>
  For Plaintiff/Counterdefendant/Defendant/Objector Vi`i Pita, Marshall Ashley
  For Defendants/Counterclaimants/Cross-Claimants Miriama Garrett and Richard Garrett, David Wagner and Charles V. Ala`ilima
  For Cross-Defendants Territorial Registrar and Survey Manager of the Department of Public Works Meko Aiumu, Fita Sunia, Attorney General

  <u>LT No. 20-93</u>
  For Plaintiff Timu Levale, on behalf of the Timu Family, Asaua Fuimaono
  Defendants Ray McMoore and Sese McMoore, *pro se*
  For Defendant Ioane Fe`afe`aga Ene, David Wagner and Charles V. Ala`ilima

  <u>LT No. 10-95</u>
  For Plaintiff American Samoa Government, Asaua Fuimaono
  For Defendant Perlita Candy Fuavai, Afoa L. Su`esu`e Lutu
  For Defendant Heirs of Ioane Fe`afe`aga Ene, Miriama Garrett, David Wagner and Charles V. Ala`ilima
  For Defendants Eletise Matagi Wolman, Senevefa Pritt, Vi`i Pita, Tauinaola Lauama, Fiale Niko, aka Sovita Suafoa, Sovita Living Trust, Marshall Ashley
  For Defendant Peralita Candy Fuavai, Afoa L. Su`esu`e Lutu
  For Defendant Timu Levale, on behalf of the Timu Family, Asaua Fuimaono
  Defendants Ray McMoore and Sese McMoore, *pro se*
  For Defendant Amerika Samoa Bank, William H. Reardon

  <u>LT No. 20-96</u>
  For Claimants Territorial Registrar, on behalf of the Heirs of Ioane Fe`afe`aga Ene, Fita Sunia, Attorney General
  For Objectors Telesia Fe`a-Fiame on behalf of the Fe`a Family, Robert K. Maez
  For Objectors Eletise Matagi Wolman, Senouefa Pritt, Tauinaola Lauama, Fuga Tolani Teleso, Vi`i Pita, Fiale Niko, aka Sovita Suafoa, and Sovita Living Trust, Marshall Ashley

  <u>LT No. 01-98</u>
  For Claimant Sinaviana M. Ulufale, Administrator, and Estate of Ioane Fe`afe`aga Ene, David Wagner and Charles V. Ala`ilima

For Objectors Telesia Fe`a-Fiame and Fe`afe`aga Tauamo II,
Robert K. Maez
For Objector Fa`amoe I. Holewyne and Afoa L. Su`esu`e Lutu,
Afoa L. Su`esu`e Lutu
For Objectors Marshall Ashley, Eletise Matagi Wolman,
Senouefa Pritt, Tauinaola Lauama, Fuga Tolani Teleso, Vi`i
Pita, Fiale Niko, aka Sovita Suafoa, and Sovita Living Trust,
Marshall Ashley
For Intervenors Fa`amamafa Poloai and Lusi Poloai, Katopau
T. Ainuu

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND FOR A NEW TRIAL

### Procedural History

Telesia Fe`a Fiame ("Fiame"), as a member and on behalf of the Fe`a family, objected to the registration of land at issue as Ioane Fe`afe`aga Ene's individual land. We consolidated their objections with other actions concerning the same tract of land on March 14, 1995. Our opinion and order deciding the first trial phase of these consolidated actions was entered on February 5, 1999. The opinion and order holds that the land within the Ioane Fe`a resurvey was the individually owned land of Ioane Fe`a's estate, subject to the rights of Ioane Fe`a's successors in interest. On November 2, 1999, we denied a motion made by Timu Levale, on behalf of the Timu Family, for reconsideration or new trial. In doing so, we found that motions for reconsideration, relief, or new trial were proper after the first trial phase, because we had decided an ultimate issue. *See Pita v. Garett,* 3 A.S.R.3d 213, 216-217 (Land & Titles Div. 1999). The Appellate Division affirmed the decision from the first trial phase on October 3, 2002. Subsequently, pursuant to T.C.R.C.P. 60(b), Fiame moved for relief from judgment of the first trial phase or for a new trial. On October 30, 2003, a hearing was held on this motion, attended by counsels Maez, Wagner, Ashley, Lutu, and Ainuu. For the reasons stated below, we deny Fiame's motion.

### Discussion

■ T.C.R.C.P. 60(b) allows parties to seek relief from judgments. Certain specific grounds for relief must be made within one year from the entry of judgment. T.C.R.C.P. 60(b). These specific grounds are: (1) mistake or excusable neglect; (2) newly discovered evidence; and (3) fraud or misrepresentation. *Id.* Relief motions based on grounds not specifically enumerated in T.C.R.C.P. 60(b) fall under a catch-all provision and can be made over one year from when the judgment was entered, but must still be made within a reasonable time. T.C.R.C.P.

60(b)(6). If an argument falls under one of T.C.R.C.P. 60(b)'s specific grounds, it will not be considered under the catch-all provision. *See Rocha v. Rocha*, 24 A.S.R.2d 55, 58 (Trial Div. 1993); *see also Pioneer Inv. v. Brunswick*, 507 U.S. 380, 393 (1993). Appellate court leave is not required before a trial court may reopen and consider a T.C.R.C.P. 60(b) motion for a case that has been reviewed on appeal. *See, e.g., Standard Oil Co. of California v. U.S.*, 429 U.S. 17, 17 (1976).

■ The mistake or excusable neglect of the party seeking relief will normally be categorized under T.C.R.C.P. 60(b)(1). *See, e.g., Andrulonis v. U.S.*, 26 F.3d 1224, 1235 (2d Cir. 1994); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.41[1][c][i] (3d ed. 1999). Furthermore, willful conduct or neglect of a party seeking relief does not constitute a reason for granting relief from judgment. *Id.* For example, as an unexcused omission, an attorney's unexplained failure to act will not normally be considered grounds for relief from judgment, even if the attorney has withdrawn from the case before a critical deadline. *See, e.g., U.S. v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1421 (1st Cir. 1991).

Fiame filed her motion for relief over four years after the first trial phase judgment and after the appeal had been resolved. We deny her motion because all of her arguments fall into the specific grounds for relief that must be made within one year from the entry of judgment. Even if we contorted any of Fiame's arguments into the category of T.C.R.C.P. 60(b)(6), her motion has not been made in a reasonable time. This dispute should have some degree of finality after many years of litigation, a motion for reconsideration or new trial, and an appellate review.

Fiame argues that she had no notice of the proceedings in this case and, having never withdrawn her objection, that the Court failed to consider her arguments during the first trial phase. She asserts that she never retained the services of Tautai A.F. Faalevao ("Faalevao"), so that notices sent to him were ineffective to notify her. We categorize this argument as that of mistake or excusable neglect, because the root cause of Fiame's failure to receive notice was her or Faalevao's neglect. After meeting with Fiame, Faalevao represented to the Court that he was Fiame's attorney. Faalevao filed a complaint for her on November 7, 1996. The complaint unequivocally stated, "Comes Telesia Fe`a Fiame and submits this claim on behalf of the Fe`a Family of Iliili, American Samoa, and herself . . . ." Faalevao wrote and signed the complaint. Faalevao neglected to withdraw from the case. As a result, subsequent notices for Fiame were sent to Faalevao. Fiame's attorney of record received notice and inexcusably neglected to respond. We cannot grant relief from judgment more than one year after the entry of judgment on grounds of mistake or excusable neglect. T.C.R.C.P. 60(b)(1).

If, as Faime argues, Faalevao was not her attorney and she never received notice of the hearings, she would not have lost her day in court from the lack of notice. She would have lost her day in court as a result of her own neglect. Without Faalevao's filing, she would have effectively withdrawn her objection. Fiame received a summons regarding her objection on October 18, 1996. The summons gave her notice that if she failed to move forward with a complaint, then her objection would be dismissed. If Faalevao never spoke for her, then she neglected to file a complaint and chose not to participate in the litigation. Her effective withdrawal is confirmed by her neglecting to inquire into the case for almost seven years after receiving her summons. She accidentally discovered the progress of the case in September of 2003. At this late date, we cannot grant relief from judgment on these grounds of her mistake or excusable neglect. T.C.R.C.P. 60(b)(1).

Fiame argues that her family never received notice of the first hearing and never withdrew their objection. This argument also concerns T.C.R.C.P. 60(b)(1) grounds of mistake or excusable neglect. Though Faalevo joined the public defender's office, neither the Fe`a Family nor Faalevo notified the Court of an attorney change. The Fe`a Family did not hire another attorney to pursue their complaint after Faalevo notified them that he was leaving private practice. They offer no excuse for neglecting to do so. Notice of the hearing was sent to Faalevao, their attorney of record. Any failure of notice is directly attributable to the neglect of the Fe`a Family and Faalevo. T.C.R.C.P. 60(b)(1) relief on this basis is inappropriate.

Fiame also argues that fraudulent testimony was given to the Court and that she has new evidence not presented at the hearing. These arguments give no force to her 60(b) motion. The one-year deadline for bringing a motion on these grounds has passed. *See* T.C.R.C.P. 60(b)(2)-(3). The fraud that Fiame alleges is not "fraud on the court." It is therefore not the type of fraud that constitutes a ground for relief under T.C.R.C.P. 60(b). *Rocha*, 24 A.S.R.2d at 58. Furthermore, the representations of the opposing parties at the hearing did not prevent Fiame and her family from appearing at the hearing. Had Fiame and her family pursued their objections *pro se* or with hired attorneys, they could have responded to the alleged fraud and brought their evidence before the Court at a reasonable time.

Accordingly, the motion for relief from judgment and a new trial is not well taken and should be denied.

## Order

Objector Telesia Fe`a Fiame's motion for relief from judgment and for a new trial is denied.

It is so ordered.