463 F.3d 870
 M2 SOFTWARE INC., a Delaware corporation, Plaintiff-Appellant,
v.
MADACY ENTERTAINMENT, a corporation e/s/a Madacy Entertainment Group, Inc.; Handleman Company, a corporation; SFX Entertainment, a corporation, Defendants-Appellees.
 No. 03-55957.
 United States Court of Appeals, Ninth Circuit.
 August 21, 2006.
 
 Toula Arvanitis-Dalpe, Law Office of Toula Arvanitis-Dalpe, Anaheim Hills, CA, for Plaintiff-Appellant.
 Robert H. Rotstein, Esq., McDermott, Will & Emery, Los Angeles, CA, for Defendants-Appellees.
 Before HARRY PREGERSON, WILLIAM C. CANBY, JR., and ROBERT R. BEEZER, Circuit Judges.
 
 ORDER
 
 1
 Appellant M2 Software's motion to recall the mandate and vacate the opinion in the above case is DENIED. M2 Software's request that the recusal motion be assigned to a new panel is DENIED. Madacy Entertainment's motion for sanctions against M2 Software is also DENIED.
 
 
 2
 PREGERSON, Circuit Judge, specially concurring:
 
 
 3
 I concur in the court's order.
 
 
 4
 To set the matter straight, at the time this case was assigned to this panel and at the time we decided it, I owned an equitable interest in Time Warner. Time Warner was not a party to the suit. Unbeknownst to me, Time Warner had an option (never exercised) to purchase up to 19.9% of Warner Music—also not a party to this suit. See David A. Vise, Time Warner Sells Music Unit to Bronfman for $2.6B, Wash. Post, Nov. 24, 2003. Warner Music owns Warner Special Products, not a party to the suit either. See Warner Special Products FAQ's, available at http://www.warnerspecialproducts.com/wsp/ wcm_help/helpfaq.jsp. As indicated on the allegedly infringing CDs at issue in this case, Warner Special Products manufactured, produced, and licensed music for a division of Madacy, a party to this suit.
 
 
 5
 In sum, then, I had no interest "however small" in the subject matter in controversy. Instead, I had an interest in a company (a) that had an option to purchase 19.9% of a company (b) that owned a company (c) that manufactured, produced, and licensed music for a corporate division of a party to this suit. Such an indirect interest does not require recusal. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir.2000) ("Disqualification is not required on the basis of remote, contingent, indirect or speculative interests.") (citations omitted). Indeed, Madacy was not required to list, and did not list, Time Warner or Warner Music on its Federal Rule of Appellate Procedure 26.1 disclosure, which requires the parties to list only parent corporations and corporations that own 10% of the entity's stock.
 
 
 6
 Accordingly, I had no financial interest in the subject matter of this suit that required recusal under § 455(b). Nor, given the remote nature of my interest, could my impartiality reasonably have been called into question, and thus recusal is not required under § 455(a).
 
 BEEZER, Circuit Judge, specially concurring:
 
 7
 I concur in the court's order denying the motion to recall the mandate and the denial of the motion for sanctions. Because the mandate is not recalled, I believe we have no jurisdiction to address the challenge to Judge Pregerson's participation in this appeal.
 
 
 8
 M2 Software, Inc. moves the court for an order recalling the mandate and vacating the opinion. Appellant's counsel asserts that Judge Pregerson owns stock in Time Warner, Inc. and that such ownership required his recusal from participation in the decision of the case pursuant to 28 U.S.C. § 455.
 
 
 9
 Our authority to recall a mandate is to be "exercised only in extraordinary circumstances" and the "sparing use of the power demonstrates that it is one of last resort, to be held in reserve against grave, unforeseen contingencies." Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). When a motion to recall a mandate is based on allegations of fraud on the court or allegations of misconduct affecting the integrity of the judicial process, the harm must be "gross" and enforcement of the judgment "manifestly unconscionable." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), overruled on other grounds, Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).
 
 
 10
 Nothing presented by M2 Software suggests perpetration of fraud, gross misconduct or that enforcement of the judgment would be manifestly unconscionable. Nor is the motion to recall the mandate "grounded in any real infirmity in our previous decision, either when it was entered or when it is viewed in light of later Supreme Court decisions." Nevius v. Sumner, 105 F.3d 453, 460-61 (9th Cir. 1996). The Supreme Court has twice considered the opinions of this panel in this matter and has twice denied certiorari. The interests of finality and repose balanced against the claims of M2 Software require denial of the motion to recall the mandate.