**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

M2 SOFTWARE INC., a Delaware
corporation,
            *Plaintiff-Appellant,*

            v.

M2 COMMUNICATIONS, L.L.C., a
limited liability company; JEFF
MOSELEY, an individual; GAYLORD
ENTERTAINMENT INC., a corporation,
            *Defendants-Appellees.*

No. 03-56602

D.C. No.
CV-02-01588-AHM
Central District
of California,
Los Angeles

ORDER

Filed August 21, 2006

Before: Harry Pregerson, William C. Canby, Jr., and
Robert R. Beezer, Circuit Judges.

Order;
Concurrence by Judge Pregerson;
Concurrence by Judge Beezer

---

## ORDER

Appellant M2 Software's motion to recall the mandate and
vacate the opinion in the above case is DENIED. M2 Soft-
ware's request that the recusal motion be assigned to a new
panel is DENIED. M2 Communications' request for sanctions
against M2 Software is also DENIED.

---

PREGERSON, Circuit Judge, specially concurring:

I concur in the court's order.

10237

To set the matter straight, at the time this case was assigned to this panel and at the time we decided it, I owned an equitable interest in Time Warner. Time Warner was not a party to the suit. Unbeknownst to me, Time Warner had an option (never exercised) to purchase up to 19.9% of Warner Music — also not a party to this suit. *See* David A. Vise, *Time Warner Sells Music Unit to Bronfman for $2.6B*, Wash. Post, Nov. 24, 2003. Warner Music owned Word Entertainment, not a party to this suit either. *See* 10-Q filing for Warner Music Group, at 7 (June 13, 2005), *available at* http://www.sec.gov/Archives/edgar/data/1319161/000104746905017103/0001047469-05-017103-index.htm. Word Entertainment had an exclusive distribution contract with M2 Communications, a small Christian music label and a party to this suit. *See* Word Entertainment, *available at* http://www.wmg.com/recordedmusic/?promo=24020007.

In sum, then, I had no interest "however small" in the subject matter in controversy. Instead, I had an interest in a company (a) that had an *option* to purchase 19.9% of a company (b) that owned a company (c) that *contracted* with a party to this suit. Such an indirect interest does not require recusal. *See United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000) ("Disqualification is not required on the basis of remote, contingent, indirect or speculative interests.") (citations omitted). Indeed, M2 Communications was not required to list, and did not list, Time Warner or Warner Music on its Federal Rule of Appellate Procedure 26.1 disclosure, which requires the parties to list only parent corporations and corporations that own 10% of the entity's stock.

Accordingly, I had no financial interest in the subject matter of this suit that required recusal under § 455(b). Nor, given the remote nature of my interest, could my impartiality reasonably have been called into question, and thus recusal is not required under § 455(a).

BEEZER, Circuit Judge, specially concurring:

I concur in the court's order denying the motion to recall the mandate and the denial of the motion for sanctions. Because the mandate is not recalled, I believe we have no jurisdiction to address the challenge to Judge Pregerson's participation in this appeal.

M2 Software, Inc. moves the court for an order recalling the mandate and vacating the opinion. Appellant's counsel asserts that Judge Pregerson owns stock in Time Warner, Inc. and that such ownership required his recusal from participation in the decision of the case pursuant to 28 U.S.C. § 455.

Our authority to recall a mandate is to be "exercised only in extraordinary circumstances" and the "sparing use of the power demonstrates that it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). When a motion to recall a mandate is based on allegations of fraud on the court or allegations of misconduct affecting the integrity of the judicial process, the harm must be "gross" and enforcement of the judgment "manifestly unconscionable." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944), *overruled on other grounds, Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976).

Nothing presented by M2 Software suggests perpetration of fraud, gross misconduct or that enforcement of the judgment would be manifestly unconscionable. Nor is the motion to recall the mandate "grounded in any real infirmity in our previous decision, either when it was entered or when it is viewed in light of later Supreme Court decisions." *Nevius v. Sumner*, 105 F.3d 453, 460-61 (9th Cir. 1996). The Supreme Court has twice considered the opinions of this panel in this matter and has twice denied certiorari. The interests of finality and repose balanced against the claims of M2 Software require denial of the motion to recall the mandate.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.