BEEZER, Circuit Judge,
specially concurring:
I concur in the court’s order denying the motion to recall the mandate and the denial of the motion for sanctions. Because the mandate is not recalled, I believe we have no jurisdiction to address the challenge to Judge Pregerson’s participation in this appeal.
M2 Software, Inc. moves the court for an order recalling the mandate and vacating the opinion. Appellant’s counsel asserts that Judge Pregerson owns stock in Time Warner, Inc. and that such ownership required his recusal from participation in the decision of the case pursuant to 28 U.S.C. § 455.
Our authority to recall a mandate is to be “exercised only in extraordinary circumstances” and the “sparing use of the power demonstrates that it is one of last resort, to be held in reserve against grave, unforeseen contingencies.” Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). When a motion to recall a mandate is based on allegations of fraud on the court or allegations of misconduct affecting the integrity of the judicial process, the harm must be “gross” and enforcement of the judgment “manifestly unconscionable.” Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), overruled on other grounds, Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).
Nothing presented by M2 Software suggests perpetration of fraud, gross misconduct or that enforcement of the judgment would be manifestly unconscionable. Nor is the motion to recall the mandate “grounded in any real infirmity in our previous decision, either when it was entered or when it is viewed in light of later Supreme Court decisions.” Nevius v. Sumner, 105 F.3d 453, 460-61 (9th Cir.1996). The Supreme Court has twice considered the opinions of this panel in this matter and has twice denied certiorari. The interests of finality and repose balanced against the claims of M2 Software require denial of the motion to recall the mandate.