IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-20277

HALLIBURTON ENERGY SERVICES, INC.;
DII INDUSTRIES LLC,

Plaintiffs-Appellants,

v.

NL INDUSTRIES INC., Formerly Known as National Lead Co.;
TREMONT LLC;
TRE HOLDING CORP., Formerly Known as Bentonite Corp.;
TRE MANAGEMENT CO., Formerly Known as Baroid Management Co.,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas
No. 4:05-CV-4160

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs appeal a judgment confirming an arbitration award. We have reviewed the briefs and applicable law and pertinent portions of the record and have heard the arguments of counsel.

The district court, in a thorough and convincing opinion, correctly held that the plaintiffs have failed to satisfy the steep burden required to overturn an arbitration award. One of the issues presented is whether the "manifest disregard" standard for reviewing arbitration awards survives Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. ___, 128 S. Ct. 1396 (2008). We need not decide that question, because the plaintiffs have not met the "manifest disregard" test even if it is still applicable.

The judgment is AFFIRMED, essentially for the reasons given by the district court. The mandate shall issue forthwith.

On the day before oral argument, the plaintiffs filed a motion to stay the appeal, or in the alternative to stay issuance of an opinion, and for limited remand to allow the district court to consider a motion filed contemporaneously in that court for relief under Federal Rule of Civil Procedure 60(b) based on a claim of newly-discovered evidence. We DENY the motion filed in this court but express no view on the merits of the motion pending in the district court.

By issuing the mandate, we cede jurisdiction. The district court now has whatever jurisdiction it would have had, absent an appeal, to consider post-judgment motions. See Standard Oil Co. v. United States, 429 U.S. 17 (1976) (per curiam); see also Karaha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara, 2003 U.S. App. LEXIS 27765, at *13-*19 (5th Cir. Mar. 5, 2003) (per curiam) (unpublished).