**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTONOUS KINGDOM, | No. 09-15138 |
| Petitioner - Appellant, | D.C. No. 3:04-cv-02342-PJH |
| v. | |
| A. A. LAMERQUE, Warden and PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District Judge.[**]

Petitioner-Appellant Miltonous Kingdom appeals the district court's

dismissal of his Federal Rule of Civil Procedure 60 motion seeking relief from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of District of Columbia, sitting by designation.

earlier judgment, in which the district court had dismissed Kingdom's petition for a writ of habeas corpus as untimely. *See* 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

Kingdom first challenges the district court's characterization of his Rule 60 motion as a Rule 60(b)(2) motion based on "newly discovered evidence." He relatedly challenges the district court's dismissal of the Rule 60(b)(2) motion as untimely filed. *See* Fed. R. Civ. P. 60(c)(1) (requiring Rule 60(b)(2) motions to be made within a year of the judgment). Kingdom contends that the basis of his motion was not "newly discovered evidence," but rather his attorney's gross negligence in not bringing to the court's attention certain admittedly available and relevant evidence on the subject of Kingdom's eligibility for equitable tolling. Gross attorney negligence is a basis for relief under Rule 60(b)(6). *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002). Under Rule 60(b)(6), Kingdom argues that his motion was timely because, even though it was filed nearly two years after the judgment, it was filed within a "reasonable time" given the circumstances. *See* Fed. R. Civ. P. 60(c)(1).

We need not resolve whether the district court erred in construing Kingdom's motion as a Rule 60(b)(2) motion, because the district court did not abuse its discretion in holding in the alternative that even under Rule 60(b)(6) the motion was unreasonably late. Kingdom's motion was based on evidence of communications between himself and his original counsel dating from before Kingdom filed his habeas petition. The grounds for the motion were therefore known and available to Kingdom at the time the original judgment was entered. We agree with the district court that under such circumstances, to wait not only more than a year, but until after the conclusion of an appeal to this court on the same issue,[1] constitutes an unreasonable delay.

We also hold that the district court did not abuse its discretion in determining that Kingdom would not have been entitled to any relief under Rule 60 in any event. We agree with the district court that Kingdom did not show that his

---

[1] Given that Kingdom once before appealed the denial of equitable tolling to this court, we assume, as the district court must have done, that Kingdom's motion was at least arguably based on "later events" (the discovery of new evidence or attorney misconduct) not related to the "record and issues then before the [appellate] court" during his prior appeal. *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976) (holding that a district court confronted with a Rule 60 motion after conclusion of an appeal may revisit issues based on "later events" but may not flout the mandate by re-deciding questions "relate[d] to the record and issues [previously] before the [appellate] court"). Whether such assumption would withstand scrutiny, however, is open to serious doubt.

3

attorney's conduct in connection with the original motion to dismiss constituted an extraordinary circumstance beyond Kingdom's control. Rule 60 relief would therefore have been inappropriate here. *See Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) ("Rule 60(b)(6) . . . is not an appropriate place to slip in arguments that should have been made earlier."). Further, the district court correctly determined that Kingdom's evidence establishes that his lawyer erred *not* by abandoning his client, but simply by misunderstanding the filing deadline under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). "Garden variety" attorney error like miscalculating the AEDPA deadline is not an extraordinary circumstance warranting equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010).

The district court's denial of Kingdom's motion for relief from judgement is **AFFIRMED**.