**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6464

DAMON L. DOYLE,

             Petitioner - Appellant,

       v.

A.J. PADULA, Warden,

             Respondent - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  J. Michelle Childs, District
Judge.  (5:10-cv-03242-JMC)

Submitted:  July 17, 2014          Decided:  July 28, 2014

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Damon L. Doyle, Appellant Pro Se.  Donald John Zelenka, Senior
Assistant Attorney General, Alphonso Simon, Jr., Assistant
Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon L. Doyle seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion. The district court dismissed the motion for lack of jurisdiction because our mandate had issued in Doyle's appeal of the district court's order denying his 28 U.S.C. § 2254 (2012) petition, the judgment he sought to vacate under Rule 60(b). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

2

We have independently reviewed the record and conclude that, although the district court's reason for dismissing Doyle's Rule 60(b) motion is erroneous, see Standard Oil Co. v. United States, 429 U.S. 17, 17 (1976) (holding that it is well-settled that "the District Court may entertain a Rule 60(b) motion[,] without leave by this Court[,]" even if the appellate court has already decided an appeal of the complained-of judgment), an alternative procedural ground for dismissal renders this appeal futile. See Reid, 369 F.3d at 372 n.5. Doyle's Rule 60(b) motion was tantamount to a second or successive § 2254 petition for which Doyle failed to obtain authorization to file. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED