BLD-315                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1871
_____

YAKOV G. DRABOVSKIY,

Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:14-cv-00451)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2014
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: July 29, 2014)
_____

OPINION
_____

PER CURIAM

        In the United States District Court for the Western District of Louisiana, Yakov G.

Drabovskiy was convicted, after a jury trial, of twenty counts of violating 8 U.S.C.

§ 1253(a)(1)(B) for failing to depart after having been ordered removed.  United States v.

<u>Drabovskiy</u>, W.D. La. Crim. No. 2:09-cr-00146. He is currently serving his sentence at FCI – Allenwood.

In the United State District Court for the Middle District of Pennsylvania, Drabovskiy filed an action titled "civil action for deprivation of liberty due to indefinite detention." In the filing, he claimed his "actual innocence" and made allegations relating to events that occurred before his conviction. However, Drabovskiy primarily protested "indefinite detention," asserting that his detention relating to his order of removal should be over already (he stated more specifically that he should have been released before his conviction). He claimed that he was entitled to release under a statute and regulations relating to immigration detention. He also complained of a detainer lodged by the Department of Homeland Security.

A Magistrate Judge reviewed Drabovskiy's filing and recommended that it be dismissed. The Magistrate Judge characterized it as an unauthorized second or successive habeas petition, inappropriately styled as a petition under 28 U.S.C. § 2241 instead of a motion under 28 U.S.C. § 2255. The Magistrate Judge, explaining that an immigration detainer did not equate to immigration custody, further noted that Drabovskiy's challenge to immigration custody was moot as to past custody and premature as to future custody. Drabovskiy filed objections, contending that he was not seeking habeas corpus relief for his criminal conviction (as he had in the past). He explained that he challenged continued immigration detention begun before he was convicted.

The District Court exercised de novo review and adopted the Magistrate Judge's recommendation in part. The District Court concluded that the claims were not actionable because Drabovskiy was not in immigration custody and claims relating to his past immigration custody were moot. Drabovskiy appeals. He has filed a motion to expedite this matter and issue a briefing schedule, but he also asks us to decide this matter on the petition he filed in the District Court and the District Court record.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's legal conclusions is plenary, and our consideration of its factual findings is under a clearly erroneous standard of review. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because no substantial issue is raised on appeal, we will summarily affirm the District Court's decision. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Simply put, Drabovskiy is not entitled to relief from continued immigration custody because is not in immigration custody. He is serving a sentence for his criminal conviction. As the District Court explained, the claims relating to past immigration custody are moot; that custody ended when he was remanded to the custody of the Attorney General. See Drabovskiy v. Young, No. 2:09-CV-397, 2009 WL 3925315, at *1 (W.D. La. Nov. 18, 2009). Any claims for immigration detention after the completion of his sentence are premature. Although he complains of an immigration detainer, a detainer is not equal to custody. See Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540-41 (5th

3

Cir. 2003) (collecting cases). For these reasons, the District Court properly dismissed

Drabovskiy's complaint, and we will affirm. Drabovskiy's motion to expedite this appeal

and issue a briefing schedule is denied.[1]

---

[1] We grant his requests to consider the petition he filed in the District Court and to decide this matter on the District Court record.