**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1267
_____

YAKOV G. DRABOVSKIY,

Appellant

v.

USA, DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-00451)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2015
Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

While serving his sentence for violating 8 U.S.C. § 1253(a)(1)(B) (willful failure to depart after having been ordered removed), see United States v. Drabovskiy, W.D. La. Crim. No. 2:09-cr-00146, Yakov G. Drabovskiy filed an action titled "civil action for deprivation of liberty due to indefinite detention." He primarily complained about an "indefinite detention" relating to his order of removal, immigration detention, and a detainer lodged by the Department of Homeland Security. The District Court concluded that the claims were not actionable because Drabovskiy was not in immigration custody at that time and claims relating to his past immigration custody were moot. We affirmed the ruling. Drabovskiy v. U.S. Dep't of Homeland Sec., 573 F. App'x 93, 94 (3d Cir. 2014) (per curiam).

A few months after our mandate issued, Drabovskiy returned to the District Court with a motion under Rule 60(b) of the Federal Rules of Civil Procedure. He asked the District Court to consider his "civil action for deprivation of liberty due to indefinite detention" on the merits, noting that he was approaching the end of his criminal sentence and asserting that the "danger of indefinite (continuous) detention [was] imminent." On December 16, 2014, the District Court, noting the ruling affirming the dismissal of the action, denied the Rule 60(b) motion.

On December 31, 2014, the District Court received Drabovskiy's motion for reconsideration of the December 16, 2014 order. Drabovskiy essentially argued that our mandate did not preclude relief under Rule 60(b) because he had presented a basis for

relief to the District Court that had not been before us. He also emphasized the importance of deciding cases on their merits. On January 8, 2015, the District Court denied the motion, noting that it had properly denied the Rule 60(b) motion because Drabovskiy had not raised any matters that were not included or includable in his appeal. In ruling, the District Court also disallowed additional filings in the case without leave of the court. Drabovskiy filed a notice of appeal on January 23, 2015, at the latest.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). Also, generally, our review of orders denying Rule 60(b) motions is for abuse of discretion.[3] See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008)

---

[1] With his appeal he presents several motions, namely, two motions to expedite this matter, two motions for bail pending appeal (and a similar request for release in his reply brief), a motion to file a constitutional claim (he submits a "constitutional claim to declare the immigration law unconstitutional in respect to permanent residents and lawful immigrants"), a motion to supplement the record, and a motion to strike the Appellee's brief.

[2] Drabovskiy's appeal is timely as to both challenged orders. See Fed. R. App. P. 4(a)(1)(B).

[3] Additionally, we ordinarily consider whether a district court followed the proper procedures for imposing a filing injunction like the one the District Court entered, see In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982), and we review the imposition of such an injunction for abuse of discretion, see Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). However, Drabovskiy does not challenge the filing injunction, so we consider the

3

(explaining also that this Court exercises plenary review over orders granting or denying relief under Rule 60(b)(4)).

The District Court did not err in denying the motion for reconsideration. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Although Drabovskiy argued that the District Court had made an error of law, the District Court had not erred in rejecting his Rule 60(b) motion. "[A] district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [a] prior appeal." Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982). That Drabovskiy's federal sentence would, at some point, end was a matter understood in his earlier appeal. Although he changed his characterization of the matter that was included (or to the extent it was not included, includable) in his appeal, Drabovskiy did not seek relief based on something that this Court had not considered.

Accordingly, the District Court properly concluded that reconsideration was not warranted in the absence of a legal error. See also Seese, 679 F.2d at 337 n.1 (comparing the circumstances in which a District Court should entertain a Rule 60(b) motion under Standard Oil Co. v. United States, 429 U.S. 17 (1976) (per curiam), with those in which a

---

issues related to it waived. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005).

4

District Court should not). For the reasons given, the District Court properly rejected the Rule 60(b) motion.

In short, we will affirm the District Court's orders. We deny Drabovskiy's pending motions.