Ma v. Barr

BIA
Wright, IJ
A206 068 589

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

KAIFENG MA,
> *Petitioner,*

v.                                                    17-2062
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Raymond Lo, Jersey City, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Patricia E. Bruckner, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Kaifeng Ma, a native and citizen of the People's Republic of China, seeks review of a June 7, 2017, decision of the BIA affirming a November 14, 2016, decision of an Immigration Judge ("IJ") denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kaifeng Ma,* No. A 206 068 589 (B.I.A. June 7, 2017), *aff'g* No. A 206 068 589 (Immig. Ct. N.Y. City Nov. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"[W]e review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the

applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency did not err in determining that Ma failed to corroborate his claim.

Although the IJ found Ma credible, the IJ reasonably required corroboration because Ma's household registration did not list any employment or occupation and his asylum claim was based on compensation he was owed on account of the length of his employment. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Furthermore, the IJ properly identified the missing evidence. *See Chuilu Liu*, 575 F.3d at 198-99. The IJ noted that Ma did not provide any evidence that he was employed by a company for 18 years or reliable evidence regarding the amount of compensation he

3

was entitled to.  And Ma did not establish that the evidence was unavailable.  *See id.* at 198; *see also* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").  The IJ noted the corroboration that Ma should have been able to provide such as relevant Chinese law or regulations or any documentation from the labor department.  Although Ma asserts that the IJ erred by not recognizing the difficulties he faced in obtaining such evidence, he did not explain what those difficulties were.  He therefore has not shown that corroboration was not reasonably available.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

The agency was not required to credit the letter from Ma's mother because she was an interested party and not subject to cross-examination.  *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding unsworn letters from friends and family did not constitute substantial support because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012);

4

*see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China). Furthermore, the letter from Ma's coworker did not corroborate how long Ma had worked at the company or how much compensation Ma was owed.

Accordingly, because a reasonable fact-finder would not be compelled to conclude that Ma could not have corroborated his employment or the compensation calculation, the agency did not err in denying relief on this basis. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98. Because Ma's claims were all based on this same factual predicate, the corroboration finding is dispositive of asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). Accordingly, we deny the petition as to asylum and withholding of removal and do not reach the agency's alternative finding that Ma did not demonstrate a nexus to a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We dismiss the petition as to CAT relief because Ma did not exhaust his CAT claim before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court