Hassan v. Barr
BIA
Hom, IJ
A088 935 407/408/410/411

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty.

PRESENT:
 PIERRE N. LEVAL,
 JOSÉ A. CABRANES,
 GERARD E. LYNCH,
  *Circuit Judges.*

_____

MINHAJ HASSAN, SAIKA HASSAN, SADID HASSAN, SAMARA HASSAN,
  *Petitioners,*[1]

  v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

14-1867 (L),
14-4733 (Con)

NAC

---

[1] Abrar Hassan has been removed as a petitioner because his removal proceedings were terminated after he adjusted to lawful permanent resident status. *In re Abrar Hassan*, No. A 088 935 409 (B.I.A. Nov. 26, 2014).

**FOR PETITIONER:**  Brian H. Getson, Getson & Schatz, P.C., Philadelphia, PA.

**FOR RESPONDENT:**  Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in the lead case, 14-1867, is DISMISSED in part and GRANTED in part, and the petition for review in the consolidated case, 14-4733, is DENIED.

Petitioners Minhaj Hassan ("Hassan") and Saika Hassan, natives and citizens of Bangladesh, and Sadid Hassan and Samara Hassan, seek review of two decisions: (1) a May 6, 2014, decision of the BIA affirming a May 25, 2012, decision of an Immigration Judge ("IJ") denying Hassan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering their removal, and (2) a November 26, 2014, decision of the BIA denying their motion to reopen and reconsider. *In re Minhaj Hassan, et al.*, Nos. A 088 935 407/408/409/410/411 (B.I.A.

2

May 6, 2014), *aff'g* Nos. A 088 935 407/408/409/410/411 (Immig. Ct. N.Y. City May 25, 2012); *In re Minhaj Hassan, et al.*, Nos. A 088 935 407/408/410/411 (B.I.A. Nov. 26, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.  Lead Case, 14-1867

We have reviewed the IJ's decision as modified and supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007).

### A. Asylum

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Hassan's asylum application was untimely because he entered the United States in October 2008 but did not file for asylum until January 2011. An application may be considered outside the one-year deadline, however, "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances

3

relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed "within a reasonable period given those circumstances," 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5). Extraordinary circumstances can include ineffective assistance of counsel. 8 C.F.R. § 1208.4(a)(5)(iii).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing the untimeliness is limited to "constitutional claims or questions of law." *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008). We review constitutional claims and questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Hassan argues that the agency erred as a matter of law in pretermitting asylum as untimely because the applicable regulations and policies of the Department of Homeland Security ("DHS") prohibit an arriving alien from filing an asylum application prior to a positive credible fear determination following a credible fear interview, and Hassan did not receive a determination until May 2010, more than a

4

year after his arrival in October 2008. *See* 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(f). The applicable statutory and regulatory framework prevented him from filing a defensive application with the immigration court prior to a positive credible fear determination and his placement in removal proceedings, but there was no barrier to filing an affirmative asylum application by mailing an application to a service center. 8 C.F.R. § 1208.4(b). Accordingly, there was no legal impediment to his filing.

As to Hassan's alternate argument that ineffective assistance of counsel excused his untimely filing, the agency did not err in declining to accept that argument because Hassan did not comply with the procedural requirements of such a claim. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). He complied with some of the procedural requirements in a subsequent motion to reconsider at issue in the consolidated petition but, as discussed later, the BIA did not abuse its discretion by denying that motion as untimely.

**B. Withholding of Removal**

We remand to the agency for further consideration of Hassan's claim for withholding of removal. Withholding of

5

removal is a mandatory form of relief that requires the applicant "to establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Past persecution creates a rebuttable presumption of a future threat. 8 C.F.R. § 1208.16(b)(1). We review de novo whether the harm an applicant suffered constitutes persecution. *Huo Qiang Chen v. Holder*, 773 F.3d 396, 403 (2d Cir. 2014); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 288 (2d Cir. 2007).

Hassan alleged the following harm: (1) men associated with his wife's Muslim family kidnapped, beat, and threatened to kill him unless he converted to Islam, which he did; (2) contractors he worked with threatened and beat him because he came from a Hindu family, and the police did not help him when he complained; and (3) Islamic terrorists came to his home, cut his neck, and forcibly tried to circumcise him because he came from a Hindu family and was married to a Muslim. The IJ denied withholding largely on credibility

6

grounds, finding that he was not credible and that he failed to submit credible evidence of his mistreatment as needed to meet his burden of proof. The IJ also characterized the harm Hassan experienced as "discrimination and scorn," slaps, pushes, and a "family problem" that did not rise to the level of persecution. App'x 24.

The BIA assumed Hassan's credibility, did not mention corroboration or burden, and concluded that "the mistreatment [Hassan] described [did] not rise to the level of persecution." App'x 12. The BIA did not provide any further explanation for this conclusion or discuss whether it had considered all the harm Hassan alleged as opposed to the IJ's characterization of the harm, given that the BIA assumed Hassan's credibility when the IJ did not. Such a lack of analysis warrants remand. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

Further, Hassan's allegations of harm, which are

7

considered credible because the BIA assumed credibility, were more than mere slaps and pushes. The harm included kidnapping, beatings, and threats that could rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (addressing distinction between harassment and persecution and remanding because "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment").

Accordingly, because the harm Hassan suffered could rise to the level of persecution and the BIA failed to provide a reasoned analysis, we remand for further consideration of withholding of removal. Because a finding of past persecution would result in a presumption of future persecution, we do not address Hassan's claim of future persecution. *See* 8 C.F.R. § 1208.16(b)(1), (2). Because we remand for further consideration of Hassan's claim for withholding of removal, we decline to reach the merits of Hassan's CAT claim at this time. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We note that

nothing precludes the agency from revisiting the CAT claim on remand or from considering the country conditions evidence that Hassan submitted with his motion to reopen in reevaluating withholding of removal.

**II. Consolidated Case, 14-4733, Motion to Reopen and Reconsider**

We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion but review factual findings regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (motion to reopen and country conditions findings); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (motion to reconsider).

**A. Motion to Reconsider**

The BIA did not err in construing Hassan's motion as a request for reconsideration to the extent that he reiterated arguments from his prior appeal to the BIA about DHS's delay in issuing a credible fear determination and ineffective assistance of counsel. "A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin*

9

*Ming Liu*, 439 F.3d at 111 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1229a(c)(6)(C) ("The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."); 8 C.F.R. § 1003.2(b)(1) (same). Accordingly, because the motion was filed more than 30 days after the prior decision, the BIA did not abuse its discretion in denying the motion as untimely as to these claims. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

**B. Motion to Reopen**

Hassan's motion was timely to the extent that it sought reopening because he filed it within 90 days of the May 2014 BIA decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA, however, did not err in denying Hassan's motion to reopen; although the evidence was new in that it postdated his hearing before the IJ, it was not material because it reinforced country conditions evidence already in the record.

"[A] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary

10

material."   8 U.S.C.   § 1229a(c)(7)(B);   8 C.F.R. § 1003.2(c)(1).   "A motion to reopen proceedings shall not be granted unless . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."   8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (finding that BIA may deny a motion to reopen if "the movant has not introduced previously unavailable, material evidence").

The evidence did not demonstrate new or different conditions for Hindus in Bangladesh, but rather, as the BIA found, it reflected that violence against Hindus, especially during election seasons, has been a longstanding problem in Bangladesh.   Hassan's original country conditions evidence established that religious tensions between Hindus and Muslims have been an ongoing concern in Bangladesh for many years, and that Hindus were targeted during elections before Hassan's 2012 hearing.   *See, e.g.,* Certified Administrative Record at 559, 569–70 (2009 U.S. State Dep't Human Rights Rep. noting that "[v]iolence against religious and ethnic minorities still occurred" and detailing discrimination and

11

attacks on Hindus, their homes, and their places of worship); 592 (2010 article noting violence against Hindus during the 1992 and October 2001 elections); 625–29 (undated report printed in 2011 stating that "[e]thnic cleansing of minorities" has occurred since 1947 and describing violence against minorities during the October 2001 election, assaults and murders of Hindus, and the burning of Hindu-owned homes in 2002).

The evidence that Hassan submitted with his motion to reopen reflected similar conditions. The evidence confirms that religious tension and violence against Hindus existed before Hassan's hearing, and that societal and political violence flares up around elections. Much of the evidence concerns violence against Hindus after a 2013 execution of an Islamist leader and during the January 2014 election. *Id.* at 110 (2013 U.S. Comm'n on Int'l Religious Freedom Rep.), 112 (2014 U.S. Comm'n on Int'l Religious Freedom Rep.), 145 (2013 U.S. State Dep't Human Rights Rep.). But, as recognized in a 2014 article by an Amnesty International researcher about the January 2014 election violence, "[a]ttacks on Hindus and Bangladesh are nothing new" and

12

tensions between Hindus and Muslims date back to at least 1947. *Id.* at 158–59 (explaining that Hindus are targeted around election seasons and describing serious violence against Hindus during a 2001 election). And while a 2014 Human Rights Watch Report states that the January 2014 elections "were the most violent in the country's history," this violence mostly impacted political actors, and there was little evidence that Hindus were targeted more than any other group. *Id.* at 186–91, 198, 252.

Thus, on this record, the BIA did not abuse its discretion by declining to reopen. *See Abudu,* 485 U.S. at 104 (requiring new and material evidence for reopening); *Jian Hui Shao*, 546 F.3d at 168 (requiring movant to show that new evidence "would likely alter the result in [his] case"). Hassan's remaining arguments that the BIA improperly took administrative notice of the 2012 State Department Report and failed to fully consider his country conditions evidence are without merit. The BIA was permitted to take notice of the 2012 report because those facts were not the sole basis for denying the motion. *See Jian Hui Shao*, 546 F.3d at 166–68 (finding no due process violation when the BIA took

13

administrative notice of a State Department Report because it did not rely exclusively on facts in that report to deny relief); *cf. Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 198 (2d Cir. 2007) (The BIA "exceeds its allowable discretion when . . . [it denies] a motion to reopen based solely on facts of which it took administrative notice"). And the BIA's decision shows that it considered Hassan's evidence even if it did not expressly cite to specific incidents or statements. *See Jian Hui Shao*, 546 F.3d at 169 (holding that agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered") (internal quotation marks omitted).

For the foregoing reasons, the petition for review in the lead case is DISMISSED in part as to asylum. The lead petition is otherwise GRANTED, the BIA's decision is VACATED, and case is REMANDED for further proceedings consistent with this decision. The consolidated petition is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>