24-565
*Hall v. Annucci*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-four.

PRESENT:
>       RICHARD J. SULLIVAN,
>       ALISON J. NATHAN,
>               *Circuit Judges*,
>       RAMÓN E. REYES, JR.,
>               *District Judge.*[*]

_____

RALPH HALL,

>       *Plaintiff-Appellant*,

>       v.                                                      No. 24-565

_____

[*] Judge Ramón E. Reyes, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

ANTHONY ANNUCCI, DOCCS Commissioner, in his official and personal capacity, PATRICK GRIFFIN, GHCF Superintendent, in his official and personal capacity, DR. ROBERT BENTIVEGNA, GHCF Medical Supervisor, in his official and personal capacity, DR. KYOUNG KIM, GHCF Medical Provider, in his official and personal capacity, AILEEN MCCARTHY, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, NICOLE WALSH, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, DONNA HEITZ, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, DEBORAH MACDONALD, GHCF Hospital-Infirmary Nurse, in her official and personal capacity,

*Defendants-Appellees.*†

_____

**For Plaintiff-Appellant:**     Ralph Hall, *pro se*, Stormville, NY.

**For Defendants-Appellees:**     Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, Stephen J. Yanni, Assistant Solicitor General, Claire Rothschild, Law Intern, *for*

---

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Letitia James, Attorney General for the State of New York, New York, NY.

Appeal from a January 25, 2024 order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Ralph Hall, an incarcerated prisoner proceeding *pro se*, appeals from the district court's denial of his motion for relief from a final judgment under Federal Rule of Civil Procedure 60. He also moves for the appointment of counsel. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to resolve this appeal.

In 2019, Hall commenced a federal action against the Commissioner of New York State's Department of Corrections and Community Supervision, the superintendent of the Green Haven Correctional Facility, and several prison hospital workers, alleging that defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, by virtue of the failure of prison medical staff to treat his surgical wound. The district court granted

3

summary judgment to the defendants on the ground that Hall had not exhausted his available administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Hall v. Annucci*, No. 19-cv-5521 (KMK), 2022 WL 3903255, at \*7–10 (S.D.N.Y. Aug. 30, 2022), *aff'd* No. 22-2031, 2023 WL 7212156 (2d Cir. Nov. 2, 2023). After we affirmed the district court's judgment on direct appeal, *see Hall*, 2023 WL 7212156, at \*1–2, Hall moved for relief from that judgment pursuant to Rule 60. The district court denied Hall's motion as barred by the law-of-the-case doctrine, and, in the alternative, determined that Hall had failed to meet the requirements of Rule 60(a) or (b).

We review a district court's denial of relief under Rule 60 for abuse of discretion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). A district court lacks jurisdiction to consider a motion to set aside a final judgment that has been affirmed on appeal unless that motion identifies a material change of circumstances or newly discovered evidence. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994) (discussing *Standard Oil Co. v. United States*, 429 U.S. 17 (1976)); *see also Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 52 (2d Cir. 1985). We have referred to this jurisdictional rule as part of the

4

law-of-the-case doctrine, *see Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012), which generally "commands that when a court has ruled on an issue, that decision should . . . be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise," *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). Under the law-of-the-case doctrine, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Brown*, 673 F.3d at 147 (quoting *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 788 (2d Cir. 1983)).

Nevertheless, because an appellate mandate "relate[s] only 'to the record and issues then before the court, and [does] not purport to deal with possible later events,'" a district court may consider a Rule 60 motion based on new information or compelling facts. *DeWeerth*, 38 F.3d at 1270. (quoting *Standard Oil Co.*, 429 U.S. at 18). Compelling reasons that might justify a Rule 60 motion include "an intervening change in law, [the] availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson*, 564 F.3d at 99–100 (internal quotation marks omitted).

Here, the district court held (and we affirmed) that Hall could not proceed with his federal suit because there was no genuine dispute that he failed to exhaust the administrative remedies that were available to him. Specifically, the district court concluded that his medical condition was "grievable" under the applicable grievance procedures, that the grievance process was not a simple "dead end," and that a prison official's off-hand remark did not amount to a "threat" that prevented Hall from filing a grievance. *Hall*, 2022 WL 3903255, at *7–10. On appeal, we agreed with the district court "that there is no genuine issue of fact as to whether any exception applies to Hall's failure to file a grievance related to his medical treatment." *Hall*, 2023 WL 7212156, at *2.

In his Rule 60 motion, Hall neither identified an intervening change in the law nor presented new evidence that was previously unavailable to him. To the extent that Hall now claims "fraud on the court" as a basis for relief from the judgment under Rule 60(b)(3), he presents no facts whatsoever – much less compelling ones – to support his conclusory assertion that the defendants improperly raised "an unavailable affirmative defense via motion for summary judgment." Hall Br. at 2. We therefore conclude that our prior mandate

6

compelled the district court to deny Hall's motion for relief from the final judgment and that the district court did not abuse its discretion in doing so.

*    *    *

We have considered Hall's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.   It is further ordered that Hall's motion for the appointment of counsel is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court